UNITED STATES DISCTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| Miriam J Trevino, Hugo C Granados, Hugo A Granados, Blanca L Granados, Panfilo Martinez, Yolanda Martinez, Normando Martinez, Guadalupe Rodriguez, Karla Cardenas, Juan R Buenrostro, Mary A Ramirez, Arturo Carrillo, Monica Garcia, Roberto Gomez Jr, Gilbert Ortega, Robert Luna, Norma C Luna, Manuel Reyes, Irma Reyes, Aquileo S Cornejo, Esther G Cornejo, Baldemar G Ruiz, Maria L. Calderilla, Miriam I Arellano, Mario A Rivera, Andrea V Rivera, Florentino Medrano, Maria T Medrano, Belinda Esparza, and Maria Ramirez, § § § § § § § § § § § § § §  Plaintiffs, § § VS. § § United States of America, § § Defendant. § | Cause No: 3:20-CV-00169 COMPLAINT FOR DECLARATORY RELIEF |

**PLAINTIFFS' ORIGNAL COMPLAINT FOR DECLARTORY RELIEF**

1. Plaintiffs bring this action under the Administrative Procedures Act, 5 U.S.C. §§ 701-706 (Chapter 7 of Title 5 of the US Code), hereinafter the APA., and the First, and Fifth Amendments of the United States Constitution.

2. This is an action for declaratory relief due to the Internal Revenue Service's, hereinafter the IRS, illegal and unconstitutional actions in violations of Plaintiffs' APA and Constitutional rights.

1 | P a g e

## Introduction

3. Subsequent to and resulting from the *Tea Party Scandal* and litigation to compel the IRS to refrain in its attempts to regulate the tax preparer industry, an informal and unofficial pattern of actions by the IRS emerged. Since and after this activity, the IRS has now shifted its focus to indirectly prosecute, harass, and intimidate taxpayers and tax preparers.

4. In conducting audits of taxpayers, the IRS's examiners are more intrusive and aggressive than necessary, disrespecting the due process rights of taxpayers, threatening and accusing taxpayers with allegations of fraud, placing barriers to legal representation, failing to give clear explanations as to compliance with tax laws, and over-all disrespectful and unprofessional in their dealings with taxpayers.

5. In conducting mail audits, the IRS ignores substantiation provided by the taxpayers, fails to provide the required Notices of Deficiencies, and in some cases ignores taxpayers request for hearings and appeals to Tax Court. The result in some cases, is the illegal and improper garnishment of taxpayers' wages and liens to taxpayer property.

6. On information and belief, the IRS places thousands of returns in review, for indefinite and inappropriate time, and with the assistance of the Taxpayer Advocate Service, a separate government IRS body, intimidates and harasses taxpayers to amend their tax returns, resulting in smaller refunds and disqualifications of the taxpayers earned income credit entitlement. Taxpayers who refuse to be intimidated, have yet to receive

their refunds, resulting in delays of the adjudication of their tax returns in excess of 3 years.

7. The IRS uses the amended or changed returns to erroneously calculate losses to the government as well as in the prosecution or requests for injunctive relief against tax preparers. These actions in some instances are retaliatory in nature in that it is believed these IRS actions are used to retaliate against tax preparers that have engaged in protected activity afforded by the US Constitution.

8. Plaintiff Miriam Trevino, was the owner and operator of Columbia Tax Service, a San Angelo, Texas tax preparation firm, providing tax preparation services to low and middle income taxpayers who were engaged in self-employment businesses, as well as in regular hourly and salaried employment.

9. Columbia Tax Service has during the years implemented fraud prevention, training on fraud prevention, including manuals, video material designed for potential and existing customers. Columbia Tax Service has taken advantage of existing technology to deter and prevent fraudulent returns being electronically submitted to the IRS. Columbia Tax Service's fraud prevention program is far superior than other tax firms have in place.

10. Columbia Tax Service was an authorized IRS EFile provider, authorizing the firm to prepare and file tax returns electronically. This designation had been provided to Columbia Tax Service since on or before 2007, and with an allegation of unsubstantiated fraud, this designation was revoked by the IRS in 2017. An appeal was made and as of today no response or communication from the IRS has taken place. After the

revocation, Plaintiff Trevino had been the recipient of threats from the Department of Justice, and the IRS of criminal charges and prosecution for aiding and abetting fraud.

11. On or about August 8, 2016, Plaintiff Miriam Trevino (Miriam Granados d/b/a Columbia Tax Services) was a Plaintiff in a Federal Case filed in the US District Court for the District of New Mexico. Case 1:16-cv-00946-LF-KK in which the Plaintiffs alleged IRS misconduct almost parallel to this action.

12. Prior to and after becoming a plaintiff in the above case, Columbia Tax Service filed with US Senators, the Treasury Department as well the Tax Payer Advocates Service hundreds of complaints regarding the manner in which the IRS was retaliating against taxpayers and tax preparers.

13. Among others, Plaintiffs Hugo C. Granados, Blanca L. Granados, and Hugo A. Granados were retained during the periods of operation of Columbia Tax Service as trouble shooters, advisors, and tax preparers. They participated and were instrumental in the filing of hundreds of complaints with US Senators, the IRS, and the Taxpayers Advocate Service. They also have been the recipients of threats of criminal charges and prosecution for aiding and abetting fraud. Allegations that are erroneously arrived at by the IRS, and with the purpose of harassing and intimidating the Plaintiffs.

14. Most of the returns prepared for taxpayers by Columbia Tax Service, claiming self-employment business and farm deductions, contained depreciation of assets, which in most returns amounted to the biggest expense claimed. Depreciation is a legal and

valid deduction that can be taken on the returns. Yet the IRS uses this amount to claim the deductions are exaggerated.

15. Approximately 700 returns filed by Columbia Tax Service for the 2016 tax season were placed in review. Over 250 complaints (Form 911) were filed with the Taxpayer Advocates Service. Some of the returns funded in late 2019 or early 2020, and many of the taxpayers' 2017 returns were placed in audit.

16. During its existence, Columbia Tax Service provided at no cost to taxpayers, audit and tax resolution problems to its customers. Since 2016, Columbia Tax Service has spent over $300,000 in payments for the representation of its customers before the IRS. Columbia Tax Service was converted to an audit representation firm in 2017 and continues to provide assistance to its and other customers, free of charge.

17. Plaintiffs Panfilo Martinez, Yolanda Martinez, Normando Martinez, Guadalupe Rodriguez, Karla Cardenas, Juan R. Buenrostro, Mary A. Ramirez, Arturo Carrillo, Monica Garcia, Roberto Gomez Jr., Gilbert Ortega, Robert Luna, Norma C. Luna, Manuel Reyes, Irma Reyes, Aquileo S Cornejo, Esther G. Cornejo, Baldemar G Ruiz, Maria L. Calderilla, and Miriam I. Arellano, filed their respective tax returns in 2017, received notices that their returns were under review. Plaintiffs filed complaints with the Taxpayer Advocates Services for delays of the refunds, and an attempt to intimidate them in amending their returns was made. No reason, explanation, or an opportunity to correct the returns were provided to Plaintiffs. Plaintiffs returns have not been adjudicated as of this date, more than 3 years after the filing of their respective tax returns.

18. Florentino and Maria T Medrano filed their 2016 tax return during the filing period in 2017. Plaintiffs return was selected for a mail audit, and after submission of the substantiation documents were told they owed a deficiency of over $14,000 which they paid. Plaintiffs never received a Notice of Deficiency as required by law and received an amount due notice and levy in excess of $15,000 afterwards. Plaintiffs filed a request for hearing as well as a petition to Tax Court. The IRS has ignored Plaintiffs appeals and request for hearing and continues to garnish Plaintiff's Maria T Medrano's wages.

19. Plaintiffs Belinda Esparza and Maria Ramirez's 2016 tax refunds were delayed, and after filing a complaint with the Taxpayers Advocates Services were audited for the 2016 tax return income and deductions. Plaintiffs Belinda Esparza and Maria Ramirez filed a legal action in the San Angelo Federal District Court in 2019, which was dismissed without prejudice. Plaintiffs Esparza and Ramirez have paid the deficiencies alleged by the IRS and still wish to continue to address the IRS' alleged APA and US Constitution violations.

20. Plaintiffs Maria A. Rivera, and Andrea V. Rivera filed their returns in 2017, their return was placed in review and were audited in February of 2019. Plaintiffs Rivera assisted the audit without legal representation, submitted all substantiation requested, and the auditor ignored all substantiation and denied all deductions taken. The auditors focus was not the return or deductions, but on the individual who prepared their return.

**PARTIES**

21. Plaintiff Miriam Trevino is a citizen of the United States of America and resides in San Angelo, Texas.

22. Plaintiff Hugo C. Granados is a citizen of the United States of America and resides in San Angelo, Texas.

23. Plaintiff Hugo A. Granados is a citizen of the United States of America and resides in San Angelo, Texas.

24. Plaintiff Blanca L. Granados is a citizen of the United States of America and resides in San Angelo, Texas.

25. Plaintiffs Panfilo and Yolanda Martinez are husband and wife, citizens of the United States of America and reside in Del Rio, Texas.

26. Plaintiffs Normando Martinez and Guadalupe Martinez are husband and wife, citizens of the United States of America and reside in Del Rio, Texas.

27. Plaintiff Karla Cardenas is a citizen of the United States of America and resides in San Angelo, Texas.

28. Plaintiffs Juan R. Buenrostro and Mary A. Ramirez are husband and wife, citizens of the Untied States of America and reside in San Angelo, Texas.

29. Plaintiffs Arturo Carrillo and Monica Garcia are husband and wife, citizens of the United States of America and reside in San Angelo, Texas.

30. Plaintiff Roberto Gomez Jr. is a citizen of the United States of America and resides in Sonora, Texas.

31. Plaintiff Gilbert Ortega is a citizen of the United States of America and resides in Eden, Texas.

32. Plaintiffs Robert and Norma C. Luna are husband and wife, citizens of the United States of America and reside in Andrews, Texas.

33. Plaintiffs Manuel and Irma Reyes are husband and wife, citizens of the United States of America and reside in San Angelo, Texas.

34. Plaintiffs Aquileo S. and Esther G Cornejo are husband and wife, citizens of the United States of America and reside in San Angelo, Texas.

35. Plaintiffs Baldemar G. Ruiz and Maria L Calderilla are husband and wife, citizens of the United States of America and reside in San Angelo, Texas.

36. Plaintiff Miriam I. Arellano, is a citizen of the United States of America and resides in Snyder, Texas.

37. Plaintiffs Mario A. Rivera and Andrea V Rivera are husband and wife, citizens of the United States of America and reside in San Angelo, Texas.

38. Plaintiffs Florentino and Maria T. Medrano are husband and wife, citizens of the United States of America and reside in Dimmitt, Texas.

39. Plaintiff Belinda Esparza is a citizen of the United States of America and resides in San Angelo, Texas.

40. Plaintiff Maria Ramirez is a citizen of the United States of America and resides in San Angelo, Texas.

41. The Internal Revenue Service is an administrative agency of Defendant United States of America.

## CAUSE OF ACTION

42. Plaintiffs reallege all of the previous allegations in paragraphs 3 through 18 of this Complaint with the same force and effect, as full set for herein.

43. The APA was enacted in 1946 to promote "fair play and equal rights under the law" in keeping with the "tripartite form of our democracy". Its intentions are to restrain the growling power of administrative agencies", such as the Internal Revenue Service.

44. The APA "provides a cause of action for persons suffering a legal wrong because of the IRS or adversely affected or aggrieved by actions or inactions of any agency of the United States or its officers, thereof acting in an official capacity. 5 U.S.C. §702."

45. Defendant violated Plaintiffs' rights under the APA by unreasonably delaying a decision on Plaintiffs' tax returns, by providing misleading information, and denying the Plaintiffs due process.

46. The United States of America has waived its sovereign immunity pursuant to 5 U.S.C. §702 in actions seeking relief other than money damages and stating a claim that an agency of the United States and/or its officers thereof acted or failed to act in an official capacity.

47. Plaintiffs filed several complaints verbally, with IRS employees, as well as written complaints with the Taxpayer Advocates Service. These activities are protected activities within the scope of the First Amendment to the United States Constitution.

Defendant violated Plaintiffs First Amendment rights by retaliating against Plaintiffs for voicing their complaints.

48. The Fifth Amendment to the United States Constitution requires that every individual be provided with due process in adjudication of an administrative procedure. Defendant violated Plaintiffs' Fifth Amendment rights by failing to provide Plaintiffs due process as required by law.

## JURISDICTION AND VENUE

49. This action arises under the APA. This court has subject matter jurisdiction over this action under 28 U.S.C. §1331. (Federal Question Jurisdiction).

50. Jurisdiction and Venue are pursuant to 28 USC §1331, which states in pertinent part, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The issue here is the constitutional violations of Plaintiffs' rights under the First and Fifth Amendment to the United States Constitution, as well as the Plaintiffs rights under the APA.

51. Venue in this Court under 28 U.S.C. §1391 is proper because this action is against an agency of the United States.

## PRAYER FOR RELIEF

**WHEREFORE**, in light of the foregoing facts and arguments, Plaintiffs request that the Court:

a.  Assume jurisdiction over this matter.

b.  Declare the Defendant's action and omissions are unconstitutional, in that they violated the Federal Administrative Procedures Act;

c.  Declare the Defendant's actions and omissions are unconstitutional, in that they violated the First and Fifth Amendments of the United States Constitution;

d.  Grant Plaintiffs their costs of suit, and reasonable attorney's fees and other expenses pursuant to 28 U.S.C. §1988; and

e.  Grant such other relief as the Court may deem appropriate.

Dated June 14, 2020

Respectfully submitted,

*[signature]*

Patrick J Madden
Attorney at Law
5588 Camino Escondida
Las Cruces, New Mexico 88011
Tel: (575) 915-5058
TBN: 24067215
pmaddenesq@ymail.com