IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **MIRIAM J. TREVINO, et al.,** §<br>*Plaintiffs,* §<br>§<br>**v.** §<br>§<br>**UNITED STATES OF AMERICA,** §<br>*Defendant.* § | EP-20-CV-00169-PRM-RFC |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On this day, the Court considered Defendant United States of America's "Motion to Dismiss Plaintiffs' Original Complaint for Declaratory Relief" (ECF No. 9), filed on November 9, 2020. The Motion was referred to this Court by the Honorable Philip R. Martinez pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules of the Western District of Texas for a report and recommendation on January 15, 2021. (ECF No. 14.) For the reasons that follow, the Court recommends that Defendant's Motion to Dismiss be **GRANTED**.

### Background

Plaintiff Miriam J. Trevino is the owner and operator of Columbia Tax Services, a business which prepares tax returns. (ECF No. 1:3.) Plaintiff Trevino, three Columbia employees, and twenty-six Columbia clients (collectively, the "Plaintiffs") filed their Complaint on June 15, 2020, against the United States. (*Id.* at 1.)

In their Complaint, Plaintiffs allege that the Internal Revenue Service ("IRS") and the Department of Justice ("DOJ") violated the Administrative Procedures Act ("APA") and Plaintiffs' rights under the First and Fifth Amendments of the United States Constitution. (*Id.* at 2-3.) Plaintiffs claim that the IRS revoked Columbia's ability to electronically file tax returns in 2017. (*Id.* at 3.) Plaintiffs claim that this was due to unsubstantiated allegations of fraud against

1

Columbia. (*Id.*) Plaintiffs further claim that the IRS and DOJ continue to illegally threaten Plaintiff Trevino and her employees with criminal prosecution. (*Id.* at 4.)

Plaintiffs first allege that Plaintiffs Florentino and Maria Medrano ("Plaintiffs Medrano") filed their 2016 return in 2017. (*Id.* at 6.) After the IRS requested and received additional substantiation relating to Plaintiffs Medranos' return, the IRS notified Plaintiffs Medrano that they owed an additional $14,000. (*Id.*) Plaintiffs Medrano paid that amount to the IRS, but then received "an amount due notice and levy" of over $15,000. (*Id.*) Plaintiffs Medrano filed a request for a hearing and a Tax Court petition, which the IRS has ignored. (*Id.*) The IRS continues to garnish Plaintiff Maria Medrano's wages. (*Id.*)

Next, Plaintiffs Belinda Esparza and Maria Ramirez claim that their 2016 tax refunds have been delayed and that their 2016 returns were audited after filing a complaint with the Taxpayer Advocate Service ("TAS"). (*Id.*) Plaintiffs Esparza and Ramirez previously filed a similar action in San Angelo, Texas. (*Id.*; *Esparza et al. v. IRS*, Case No. 6:19-cv-18-C (N.D. Tex. March 26, 2019)) (claiming that their 2016 returns had not been processed, seeking same declaratory relief as in instant case; dismissed without prejudice).)

The Court also notes that Plaintiff Columbia and six of its clients brought claims parallel to those in the instant case in prior litigation before the District of New Mexico. *See Rivera et al. v. IRS et al.*, Case No. 1-16:cv-00946-RB-KK (D. N.M. Nov. 28, 2016) (seeking a declaratory judgment that the IRS's investigations of the Plaintiffs were unconstitutional and an injunction to prevent the IRS from conducting civil or criminal investigations; dismissed *sua sponte* with prejudice) *aff'd by Rivera v. IRS*, 708 F. App'x 508 (10th Cir. 2017)).

Plaintiffs further allege that Plaintiffs Mario and Andrea Rivera ("Plaintiffs Rivera") filed their returns in 2017, which were audited in 2019. (ECF No. 1:6.) Plaintiffs Rivera claim that

2

they provided the information requested to the IRS, but that the IRS ignored that information and erroneously denied Plaintiffs Riveras' proposed deductions.  (*Id.*)

Plaintiffs collectively argue that the IRS violated the APA by delaying decisions regarding Plaintiffs' tax returns and providing Plaintiffs with "misleading information." (*Id.* at 9.)  Plaintiffs argue that the IRS violated their First Amendment rights by retaliating against them for filing complaints. (*Id.*)

Plaintiffs ask that the Court "[d]eclare the Defendant's action[s] and omissions are unconstitutional, in that they violated the [APA and] . . . the First and Fifth Amendments[.]" (*Id.* at p. 11.)  Plaintiffs also seek costs and attorney's fees pursuant to 28 U.S.C. § 1988.  (*Id.*)

## LEGAL STANDARD

Defendant moves to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction.  (ECF No. 9:5.)

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (*citing Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)).

"In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." *Id.* (*citing Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)).  "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (*citing Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998)).

## ANALYSIS

### I. Sovereign Immunity and the Administrative Procedure Act

Federal courts have jurisdiction over suits against the United States and its agencies (including the IRS) only to the extent that sovereign immunity has been waived. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Estate of Johnson*, 836 F.2d 940, 943 (5th Cir. 1988). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Thus, the scope of any waiver must be strictly construed in favor of the government. *Id.* (citation omitted); *McCarty v. United States*, 929 F.2d 1085, 1087 (5th Cir. 1991). Finally, "the plaintiff bears the burden of establishing subject matter jurisdiction, and, thus, must prove an explicit waiver of immunity." *Ishler v. IRS*, 237 F. App'x 394, 398 (5th Cir. 2007) (citing *Sweet Pea Marine, Ltd. v. APJ Marine*, Inc., 411 F.3d 1242, 1248 n.2 (11th Cir. 2005)).

Plaintiffs argue that their suit arises under the waiver of sovereign immunity contained in the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702 *et seq*. (ECF No. 10:5.) The APA waives sovereign immunity in suits seeking relief other than monetary damages. *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 535 (5th Cir. 1990). As Plaintiffs only seek declaratory relief, this prerequisite for lodging a complaint within the APA's waiver is satisfied. (ECF No. 10:1.)

However, "[t]he APA . . . does not provide an independent basis for subject matter jurisdiction on federal courts." *Offiiong v. Holder*, 864 F.Supp.2d 611, 625 (S.D. Tex. 2012) (*citing Califano v. Sanders*, 430 U.S. 99, 107 (1977)). Rather, "[t]he APA states that '[a] person suffering legal wrong because of agency action . . . is entitled to judicial review thereof,' but only

4

of '[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court.'" *Id.* (*quoting Califano*, 430 U.S. at n.1 *and* 5 U.S.C. §§ 702, 704).) As discussed in the next section, there is no statute that makes the IRS actions at issue here reviewable by the Court; rather, there are two statutes that bar the Court from exercising subject matter jurisdiction.

## II. The Declaratory Judgment Act and the Anti-Injunction Act

The APA's sovereign immunity waiver does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. In its Motion to Dismiss, the United States argues that two such statutes apply here: the tax exception provision of the Declaratory Judgment Act ("DJA") (28 U.S.C. § 2201(a)) and the Anti-Injunction Act (26 U.S.C. § 7421(a)). (ECF No. 9:9-11.) The Court will now consider each in turn.

The DJA allows federal courts to enter declaratory judgments, but it explicitly excludes controversies "with respect to Federal taxes." 28 U.S.C. § 2201(a). As such, federal courts generally lack subject matter jurisdiction to issue declaratory relief in tax cases. *See Branca v. United States*, 312 F. App'x 160, 161 (11th Cir. 2008) (affirming dismissal for lack of subject matter jurisdiction where tax exception to DJA applied).

Indeed, the Fifth Circuit has written that it is "well settled that a declaratory judgment cannot be issued in a tax case." *Horne v. United States*, 519 F.2d 51, 52 (5th Cir.1975) (finding that a taxpayer's request that an assessment of tax deficiency be declared void was impermissible under the DJA); *see also Nelson v. Regan*, 560 F. Supp. 1101, 1103 (D. Conn. 1983) (holding that "[b]ecause the Declaratory Judgment Act's prohibition refers to taxes and . . . is designed to protect the 'Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, [citation] it is inapplicable to questions dealing with the

5

disposition of a tax refund.") (*citing Bob Jones University v. Simon*, 416 U.S. 725, 736 (1974)); *Melton v. Kurtz*, 575 F.2d 547, 548 (5th Cir. 1978) (rejecting taxpayer's request for a declaration that certain federal tax statutes are unconstitutional and an injunction to prevent the Commissioner from assessing and collecting taxes from him); *Turner v. I.R.S.*, No. Civ. A. 02-0650-CG-C, 2002 WL 31556462 (S.D. Ala. Oct. 8, 2002) (rejecting taxpayer's request for a "declaratory judgment determining the amount of his tax liability and an injunction prohibiting the IRS from collecting the taxes during the pendency of the suit"); *Sands v. United States*, No. 94–0537–CIV, 1995 WL 552308, *5–6 (S.D. Fla. June 19, 1995) (rejecting taxpayer's request for a declaration that he was "never obligated or liable for any unpaid taxes for the years 1984, 1987 or 1990").

Plaintiffs ask for a declaratory judgment regarding the IRS' pending assessment of their 2017 tax returns. But the DJA prohibits the Court from granting such relief because to do so would amount to the Court directing the IRS' tax assessment powers. Pursuant to the DJA, the Court cannot interfere with the "Government's need to assess and collect taxes . . . with a minimum of pre-enforcement judicial interference." *Bob Jones University*, 416 U.S. at 736. Thus, the Court lacks subject matter jurisdiction over any pending determination by the IRS regarding Plaintiffs' 2017 tax returns.

The DJA's tax exclusion also applies to investigations related to the government's tax authority. The Second Circuit wrote on that issue in the context of tax exemptions:

> Quite apart from . . . the express exception in the Declaratory Judgment Act removing from the courts the power to declare rights "with respect to Federal taxes," the court cannot presume to speak for the Commissioner or take over his duty to pass upon the tax status of organizations applying for exemption. His duty is to decide whether the particular activities submitted to him justify exemption. He cannot be foreclosed by declaratory judgment from reviewing the purposes and activities of applicants for exempt status when and as they are presented to him for decision.

*Jolles Foundation, Inc. v. Moysey*, 250 F.2d 166, 169 (2d Cir. 1957), quoted with approval in *Mitchell v. Riddell*, 402 F.2d 842, 846 (9th Cir. 1968), *cert. denied*, 394 U.S. 456 (1969); *cf. Life Science Church v. IRS*, 525 F. Supp. 399, 403 (N.D. Cal. 1981) ("a declaration that defendants' investigation of plaintiffs' tax status is illegal would have the consequence of prohibiting that investigation. This would effectively preclude the IRS from assessing and collecting taxes due . . . from plaintiffs."). Thus, insofar as Plaintiffs ask for a declaratory judgment regarding any pending tax enforcement investigations, the Court lacks subject matter jurisdiction to grant such relief.

The Court notes that while there are exceptions to the DJA's tax exclusion, none apply here. *See, e.g.,* 26 U.S.C. § 2201(a) (exception for suits arising under section 7428 of the Internal Revenue Code). As such, the Court lacks jurisdiction to declare that Defendant erred or acted contrary to law in its processing of Plaintiffs' 2017 tax returns.

The Tax Anti–Injunction Act ("AIA") similarly provides that "no suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). Courts construe the AIA broadly. *See Enax v. United States*, 243 F. App'x 449, 451 (11th Cir. 2007) (citing *Hobson v. Fischbeck*, 758 F.2d 579, 580–81 (11th Cir. 1985)). The purposes of the AIA are "to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing Navigation Co.*, 370 U.S. 1, 7 (1962). The provisions of the AIA are jurisdictional, and federal courts lack subject matter jurisdiction to enter injunctions that fall within its scope. *See Leves v. Internal Revenue Serv.*, 796 F.2d 1433, 1434–35 (11th Cir. 1986) (affirming dismissal of complaint for lack of subject matter jurisdiction where AIA barred the suit).

There is one exception to the applicability of the AIA in federal tax assessment and collection cases, which does not apply here. The AIA does not apply where the government could "under no circumstances" ultimately prevail and where an aggrieved party has no adequate remedy at law. *Enochs*, 370 U.S. at 7. Here, Plaintiffs cannot make any showing that they will ultimately prevail in this action because, as discussed above, the DJA and sovereign immunity do not permit it. Furthermore, Plaintiffs are not without remedy because they need only wait for the IRS to make a final decision regarding their 2017 tax returns for them to have a valid APA challenge to the IRS' determination. Thus, the Court lacks subject matter jurisdiction under the AIA.

Plaintiffs argue in their Response that they "are not requesting the court to interfere with and does [sic] not challenge any of the determinations made in Plaintiffs' tax returns." (ECF No. 10:8.) However, in asking the Court for declaratory relief regarding Defendant's handling of Plaintiffs' tax returns and any ongoing investigation by Defendant into the same, Plaintiffs are in effect asking the Court to direct the Defendant's assessment of taxes. *See Rivera v. IRS*, 708 F. App'x 508 (10th Cir. 2017). Indeed, as the 10th Circuit Court of Appeals wrote in affirming the District of New Mexico's *sua sponte* decision to dismiss Plaintiff Columbia and six of its clients' prior, similar claims, "[i]t is clear . . . that the IRS is conducting the investigations, audits and other actions complained of as part of the agency's tax assessment and collection efforts." *Id.* at 511. As Plaintiffs are effectively seeking a "declaration that . . . the IRS' investigations, audits and notices of deficiency towards them . . . are unconstitutional and in violation of federal law," the Court must decline to exercise subject matter jurisdiction over such claims as they plainly "fall within the prohibitions stated in the AIA and DJA[.]" *Id.* Thus, the Court concludes that the tax exceptions to the AIA and DJA preclude the exercise of subject matter jurisdiction over Plaintiffs' claims.

### III. Constitutional Claims

As a final note, and although the parties did not brief this issue in detail, the Court finds that it lacks subject matter jurisdiction over Plaintiffs' First and Fifth Amendment claims pursuant to the DJA and AIA, as those claims are bound up with Defendant's tax assessment and investigation authority. *Rivera v. IRS*, 708 F. App'x at 512 ("Claims seeking to restrain the assessment or collection of taxes are prohibited by the AIA 'notwithstanding that plaintiffs have couched [them] in constitutional terms.'") (insertion in original) (quoting *We the People Found., Inc. v. United States*, 485 F.3d 140, 143 (D.C. Cir. 2007)); *see also Eisenstein v. U.S.*, No. 6:13-CV-1582-ORL-28, 2014 WL 9865336, at *10 (M.D. Fla. May 12, 2014) (holding that, in suit where plaintiff raised constitutional challenges, the Court lacked subject matter jurisdiction to grant declaratory judgment and injunctive relief against the IRS for its investigation of plaintiff and determination regarding penalties the IRS had levied against him). Therefore, the Court recommends that Plaintiffs' First and Fifth Amendment claims be dismissed for lack of subject matter jurisdiction.

### CONCLUSION

In conclusion, Plaintiffs have not identified a valid waiver of sovereign immunity for their claims for declaratory relief. The Court therefore recommends that Plaintiffs' Complaint be **DISMISSED** for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

**SIGNED** this 11th day of February, 2021.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**